IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




WR-56,818-01




 


EX PARTE JOEL ESCOBEDO








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 783728 IN THE 232ND DISTRICT COURT

HARRIS COUNTY



 


 Per Curiam. 

 




O R D E R AFTER REMAND


 

 In February 1999, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted under Article 37.071 of the Texas Code of
Criminal Procedure, and the trial court, accordingly, set punishment at death. This Court
affirmed the conviction and sentence on direct appeal. Escobedo v. State, No. AP-73,450
(Tex. Crim. App. Feb. 13, 2002)(not designated for publication). Applicant filed his initial
writ application in the trial court in October 2000. While the trial court was considering that
application, applicant filed a subsequent application in which he raised a claim that his
execution was barred because he was mentally retarded. See Atkins v. Virginia, 536 U.S. 304
(2002). We determined that the claim met the requirements of Article 11.071, § 5, and
remanded it to the trial court for consideration. Ex parte Escobedo, No. WR-56,818-01 (Tex.
Crim. App. Sept. 10, 2003)(not designated for publication). The record was subsequently
sent to this Court, the Court reviewed it, and, based upon the testimony of the State's expert
witness, Dr. George Denkowski, we denied relief. Ex parte Escobedo, No. WR-56,818-01
(Tex. Crim. App. June 6, 2007)(not designated for publication).

 Subsequently, in April 2011, Denkowski entered into a Settlement Agreement with
the Texas State Board of Examiners of Psychologists, in which his license was
"reprimanded." Pursuant to this Settlement Agreement, Denkowski agreed to not accept any
engagement to perform forensic psychological services in the evaluation of subjects for
mental retardation or intellectual disability in criminal proceedings. Applicant thereafter
submitted a suggestion that this Court "reconsider on its own initiative" its denial of his
Atkins claim in the subsequent writ application. On March 21, 2012, we exercised our
authority to reconsider the subsequent writ application on our own initiative, and we
remanded it to allow the trial court the opportunity to re-evaluate its initial findings,
conclusions, and recommendation in light of the Denkowski Settlement Agreement. Ex parte
Escobedo, No. WR-56,818-01 (Tex. Crim. App. March 21, 2012)(not designated for
publication).

 On September 26, 2012, the trial court signed an order adopting the State's Amended
Proposed Findings of Fact and Conclusions of Law which recommended that relief be
denied. We have reviewed the record and the September 26, 2012 findings of fact and
conclusions of law. Based upon the trial court's findings and conclusions and our own
review, we deny relief. 

 IT IS SO ORDERED THIS THE 12th DAY OF JUNE, 2013.


Do Not Publish